(No. 3383—

SUSANNA A. RITTER AND SUSANNA A. RITTER, GERTRUDE TILLEY, HELEN CATRON, ELIZABETH ULLRICH, WILLIAM RITTER, CHARLES RITTER, LORETTA KOENEGSTIN, LEO RITTER, MARCELLA TERRY, SURVIVING HEIRS OF GEORGE RITTER, DECEASED, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

GEORGE W. DOWELL, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Claimants allege ownership of ''a part of the Northeast quarter of the Northeast quarter of Section 23, Township 5 South, Range 3 West of the Third Principal Meridian, Perry County, Illinois,'' and seek damages in the sum of Three Thousand Dollars ($3,000.00) to adjacent property resulting from the construction of State Bond Issue Route 13, Construction Section 175, through and parallel a part of said land.

The record consists of the complaint, amended complaint, copy of deed of dedication, copy of plat attached and a part of said deed, motion to dismiss by respondent, affidavit by M. K. Lingle, Engineer of Claims, State of Illinois, Department of Public Works and Buildings, in support of said motion to dismiss, and statement, brief and argument on behalf of respondent on motion to dismiss.

From the record, it appears that on September 9, 1933, George Ritter and Susannah A. Ritter, husband and wife, executed and delivered to the People of the State of Illinois, a deed dedicating a part of the lands described in the complaint herein, which deed was duly recorded November 28, 1934, in the office of the Recorder, Perry County, Illinois.

There is no allegation that the construction was not properly done or that the same was not in accordance with the plans and specifications therefor.

The dedication of the land involved was for the purpose of a public highway and, where there is a dedication for a certain purpose, the law presumes that the consideration for the dedication is based not only on the value of the land dedicated but also includes damages sustained to contiguous land of the owner by reason of the improvement.

*Baber* vs. *State*, 9 C. C. R., 115.
*Siekman* vs. *State*, 10 C. C. R., 286.

There is no allegation, or showing, that the construction of the said highway or use of the land was of a nature or purpose other than that for which it was dedicated.

Subsequent to the deed of dedication and prior to the construction of the said highway, George Ritter died, leaving these claimants his heirs at law.

Susanna A. Ritter joined in the deed of dedication, and all claimants herein derived their interest in the land as heirs of George Ritter, deceased, who, during his lifetime, dedicated the land for the purpose for which it was used. As such heirs, claimants must take the land subject to conditions created by the deed of dedication executed by their predecessor in title.

For the reasons cited herein, the motion of respondent to dismiss, must be allowed, and the complaint is accordingly dismissed.